**LOCAL UNION 2134, UNITED MINE WORKERS OF AMERICA; et al., Plaintiffs,**

v.

**POWHATAN FUEL, INC.; Leroy Osborne, Jr.; F. Wayne Brewster, Defendants.**

**No. CV 83-G-1426-S.**

United States District Court, N.D. Alabama, S.D.

July 3, 1986.

William E. Mitch, J. Allen Sydnor, Jr., Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiffs.

Curtis W. Gordon, Jr., Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, District Judge.

This is an action under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff, Local Union 2134, United Mine Workers of America (UMWA), is a labor organization representing the employees of defendant Powhatan Fuel, Inc. The individual plaintiffs are former employees of Powhatan Fuel and were all, at various times pertinent hereto, members of the UMWA who seek damages resulting from the nonpayment of health care insurance premiums and for alleged breach of fiduciary duty by defendants.

This action was originally instituted against defendants Powhatan Fuel, Leroy Osborne, Wayne Brewster, and Jim Henderson. Henderson has since been dismissed as a defendant, and all claims against Powhatan Fuel have been stayed under the "automatic stay" provision of 11 U.S.C. § 162(a) pursuant to its filing of a Chapter 7 petition in bankruptcy court on June 21, 1983.

Powhatan Fuel entered into and was signatory to the National Bituminous Coal Wage Agreements of 1978 and 1981. The 1978 and 1981 wage agreements are collective bargaining agreements between the UMWA and the signatory employers, including Powhatan Fuel. Defendant Leroy

Osborne, Jr., had been president of Powhatan Fuel since Powhatan's incorporation in 1978. Osborne signed the 1978 and 1981 collective bargaining wage agreements as president of Powhatan Fuel. Osborne owned 90–95 per cent of Powhatan's corporate stock. Osborne was primarily responsible for, and had authority over, the daily operations of Powhatan Fuel, including mining and loading, and hiring and firing at the Port Osborne, Alabama, facility. Defendant Wayne Brewster was the secretary-treasurer of Powhatan Fuel. Brewster owned approximately 5 per cent of Powhatan's corporate stock.

Pursuant to both the 1978 and the 1981 wage agreements, signatories are required to provide health care benefits to active employees, their spouses and their dependants. It is undisputed that for periods of time during 1982 and 1983, the required health care insurance premiums were not paid, thereby resulting in the lapse of medical and dental health care insurance coverage required by the 1978 and the 1981 wage agreements.

Defendant Osborne undertook the responsibility for making arrangements to establish and implement, through several different insurance carriers, an employee benefits plan to provide health care benefits to employees and their dependents, as required under the 1978 and 1981 wage agreements. During the period from September 1978 through June 1983, Powhatan Fuel and defendant Osborne contracted with several insurance carriers for health care benefits, including Massachusetts Mutual, Equitable Life, Blue Cross-Blue Shield, SIBCO and Aetna. Each contract was subsequently terminated by the respective company due to nonpayment of premiums. As a result of the nonpayment of premiums which caused the termination of health insurance coverage, the plaintiffs and their families were without insurance for periods of sometimes several months at a time. During these lapse periods plaintiffs incurred health care expenses that were not paid by the insurance carriers.

On May 2, 1986, the parties filed a stipulation of damages setting forth the amount of unpaid medical expenses for each individual plaintiff, as follows:

| Henry Arnold | $ 1,219.10 |
| James Barnes | 5,059.45 |
| James L. Barnett | 6,129.53 |
| Jimmy Dill | 800.50 |
| J.W. Harmon | 323.00 |
| Horace Jones | 7,582.04 |
| Hilda Kendrick | 6,172.25 |
| Ricky McCarty | 142.50 |
| Hugh Pentecost | 6,275.30 |
| Leroy Thomas | 1,105.81 |
| Herschel Woods | 387.40 |
| Roger Dale Wilson | 6,474.35 |
| Thomas Davis | 66,032.67 |

Plaintiffs contend that defendants Osborne and Brewster were fiduciaries as defined by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002(21) *et seq.*, with respect to the responsibility of maintaining in force and effect health care insurance coverage as required by the 1978 and 1981 wage agreements.

Defendants deny liability for any damages. Defendants contend that they are not fiduciaries of any plan or fund under ERISA, nor did they have any fiduciary duties as defined by section 1104 of the Act. Further, defendants argue that they never established a fund for payment of any benefits. Defendants contend that ERISA does not apply, because only a health insurance contract is involved and no employee welfare benefit plan is present.

■ The initial issue for the court's determination is whether the plan in this case is an employee welfare benefit plan under ERISA. ERISA § 3(1), 29 U.S.C. § 1002(1), defines "employee welfare benefit plan" or "welfare plan" as:

any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A)

medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services,....

29 U.S.C. § 1002(1), see Donovan v. Dillingham, 688 F.2d 1367 (11th Cir.1982).

In determining whether a plan, fund or program has been established a court must determine from the surrounding circumstances whether a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Donovan v. Dillingham, supra, 688 F.2d at 1373. It is undisputed that while the purchase of insurance does not conclusively establish the existence of a plan, fund or program, the purchase is evidence of the establishment thereof; likewise, the purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established. Id.

In this case, in accordance with the wage agreement, the employer, Powhatan Fuel, established an employee benefit plan based upon the purchase of insurance. The plan was established and maintained by the employer for the purpose of providing medical, surgical, and hospital care benefits. The intended health care benefits were provided to the employees of Powhatan Fuel, their spouses, and their dependents. The insurance premiums were paid by the employer, and the employer, not the individual employees, maintained the plan.

Upon consideration of the factors set forth in Dillingham, supra, the court finds that the plan in issue is an employee welfare benefit plan within the meaning of ERISA and, therefore, the Act applies thereto.

■ Defendants Osborne and Brewster do not dispute that Powhatan Fuel is an "employer" [1] as defined under the Act. They do, however, argue that they do not fall within that definition, and therefore "they strictly deny that the plan under ERISA applies to them in that they were not the employer or an employee organization as to the plaintiffs in the above styled cause." The court, in reaching its conclusion that the plan was an "employee welfare benefit plan" under ERISA, need not at this juncture determine whether Osborne an Brewster were employers. The Act only requires that the plan be established or maintained by an employer, which is undisputed, as it is clear that the plan was established and maintained by Powhatan Fuel.

Powhatan Fuel, had it not been in bankruptcy proceedings, clearly could be liable, as an employer, for breach of a fiduciary duty. See United States Steel Corp. v. Commonwealth of Pennsylvania Human Relations Commission, 669 F.2d 124 (3d Cir.1982). As this case now stands, however, the issue for the court's determination is whether Osborne and Brewster as officers of the corporation could be deemed fiduciaries within the meaning of ERISA, and whether they breached their fiduciary duty.

Title 29 U.S.C. Section 1002(21)(A) defines a fiduciary as follows:

Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has discretionary authority or discretion-

1. The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity. ERISA § 3(5), 29 U.S.C. § 1002(5).

ary responsibility in the administration of such plan....

29 U.S.C. § 1002(21)(A); *see Anderson v. Ciba-Geigy Corp.*, 759 F.2d 1518, 1522 (11th Cir.1985).

Congress intended that the definition of "fiduciary" be broadly construed and to include " 'persons who have authority and responsibility with respect to the matter in question, regardless of their formal title.' " *Donovan v. Mercer*, 747 F.2d 304, 308 (5th Cir.1984) (quoting from the Legislative history of the Act). The term fiduciary should be defined not only by reference to particular formal title such as "trustee," but additionally by considering the authority which an individual has or exercises over the plan. *Id.* ERISA establishes that even though not a named fiduciary, if the individual exercises management over assets, renders investment advice or exercises discretionary or administrative control, he is a fiduciary for purposes of ERISA. *Anderson v. Ciba-Geigy Corp., supra*, 759 F.2d at 1552. Corporate officers or directors may be fiduciaries, depending upon their exercise of discretionary authority and control respecting management of such plan. However, their responsibility and any resulting liability is limited only to the extent of their responsibility for the functions described in section 1002(21)(A) of the Act. *Leigh v. Engle*, 727 F.2d 113, 133–35 (7th Cir.1984); *see also* ERISA Interpretative Bulletin 75–8, 29 C.F.R. § 2509.75–8 (1986).

In this case the court is of the opinion that Osborne clearly had and exercised discretionary authority with respect to the administration of the plan. In effect Osborne had control over the plan management and he exercised authority and control over the flow of benefits to the employees of Powhatan Fuel. Osborne was solely responsible for soliciting the various insurance contracts.

Osborne was signatory to both the 1978 and the 1981 wage agreements between Powhatan Fuel and the Union which required the purchase of health insurance for the employees. Osborne negotiated with and eventually obtained policies of insur-

ance with the various insurance companies. Osborne was responsible for the payment, and the subsequent nonpayment of the insurance premiums. Osborne exercised authority over the dissemination of information to the employees regarding health care insurance coverage. As president and 90 per cent shareholder of the closely-held corporation, Osborne was the principal spokesperson and liaison between the employees and the insurance carriers regarding the maintenance of insurance coverage. Osborne testified that he was responsible for obtaining the insurance in accordance with the wage agreement. Therefore, applying the facts to the applicable law, Osborne clearly exercised the type of discretionary authority contemplated under the Act with respect to the required contributions to the plan, and thus was acting as a fiduciary to the extent he exercised that authority.

■ Conversely, the testimony at trial showed that Brewster's functions as secretary and treasurer were purely ministerial. Brewster had authority to write, and on occasion to sign, checks to pay business expenses, including health insurance, if funds were available. However, he was not involved in, nor responsible for, management, administration or maintenance of the employee welfare benefit plan. Brewster had no authority or control over the disbursement of funds. In fact, the only involvement he had was that he was the one who issued the checks in his capacity as secretary-treasurer. Brewster had no contacts with any of the insurance companies nor does he recall any instance other than sometime in 1978 when Osborne asked him to procure insurance for the company. Therefore, the court finds that Brewster was not a fiduciary under ERISA and, accordingly, the plaintiffs cannot recover from said defendant for breach of that duty.

Upon concluding that defendant Osborne exercised and possessed the requisite authority and responsibility with respect to the plan and, therefore, that he owed a fiduciary duty to the plaintiffs, this court must now decide whether by failing to

make the required contributions, a breach of that duty occurred. Section 1104 sets forth the obligation of a fiduciary under ERISA as follows:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims....

29 U.S.C. § 1104(a)(1)(A) & (B). Moreover, a fiduciary may not "deal with the assets of the plan in his own interest or for his own account." 29 U.S.C. § 1006(b)(1). A fiduciary is obligated to act with prudence and reasonableness in management of the trust funds. *See Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629 (W.D.Wis. 1979).

In addition to the duty to properly oversee the payments of insurance premiums, Osborne was under a duty to inform the plaintiffs of the failure to pay the premiums and the resulting cessation of insurance coverage. Osborne's actions were not in the interest of the plan participants nor for their exclusive benefit, as required of a fiduciary. The evidence indicates that on at least four separate occasions, Osborne secured insurance for the employees in accordance with the wage agreement; however, on each occasion, the insurance company cancelled the policy due to failure to pay the premiums. As a result, plaintiffs had to pay for their medical expenses out of their own pockets. Osborne chose to pay other bills for the company rather than to pay the insurance premiums for the employees so as to maintain their policies in effect. As such, Osborne knew that his failure to pay the premiums as required

would cause the employees' insurance coverage to lapse, and that the employees would have to pay their own medical expenses out of pocket. Clearly Osborne breached his fiduciary duty by failing to pay those insurance premiums.

Accordingly, the court finds that defendant Osborne is liable for breach of his fiduciary duty under ERISA. Plaintiffs shall have and recover of defendant Osborne the expenses incurred as heretofore stipulated to by the parties.

An order consistent with this opinion will be entered contemporaneously herewith.

## ORDER OF DISMISSAL

The court has been advised that a petition for liquidation under Chapter 7 of the United States Code concerning defendant Powhatan Fuel, Inc., has been filed under 11 U.S.C. §§ 301 *et seq.*, in the United States Bankruptcy Court for the Northern District of Alabama, which petition operates as a stay of these proceedings pursuant to 11 U.S.C. § 362. Accordingly, it is

ORDERED, ADJUDGED and DECREED that defendant Powhatan Fuel, Inc., be and it hereby is DISMISSED WITHOUT PREJUDICE as a party defendant in this action. It is expressly provided that such dismissal is without prejudice to the plaintiffs to petition to reinstate the action to pursue any claim embraced herein not adjudicated in or discharged against the defendant in bankruptcy court. Such reinstatement, if and when allowed, will cause the filing date of any claim against defendant Powhatan Fuel, Inc., so reinstated to relate back to the original filing date of this action.

A copy of this order shall be mailed by the Clerk to the bankruptcy court.

## FINAL JUDGMENT ORDER

This cause came before the court upon trial on the merits on February 24, 1986. In conformity with the memorandum opinion issued contemporaneously herewith, it is

ORDERED, ADJUDGED and DE-CREED that judgment be and it hereby is ENTERED in favor of plaintiffs and against defendant Leroy Osborne, Jr. In accordance with the stipulation of damages entered into between the parties, the plaintiffs shall have and recover of defendant Leroy Osborne, Jr., the following sums:

| | |
|---|---|
| Henry Arnold | $ 1,219.10 |
| James Barnes | 5,059.45 |
| James L. Barnett | 6,129.53 |
| Jimmy Di'l | 800.50 |
| J.W. Harmon . | 323.00 |
| Horace Jones | 7,582.04 |
| Hilda Kendrick | 6,172.25 |
| Ricky McCarty | 142.50 |
| Hugh Pentecost | 6,275.30 |
| Leroy Thomas | 1,105.81 |
| Herschel Woods | 387.40 |
| Roger Dale Wilson | 6,474.35 |
| Thomas Davis | 66,032.67 |

for a total judgment of $107,703.90, plus interest from June 17, 1983, in the amount of $19,687.68, for a total judgment of $127,-391.58. It is

FURTHER ORDERED that judgment be entered in favor of defendant F. Wayne Brewster and that plaintiffs have and recover nothing from said defendant. Defendant Powhatan Fuel will be dismissed by separate order.

Costs of this action are taxed against defendant Leroy Osborne, Jr.