**Raymond J. DONOVAN, Secretary of the United States Department of Labor, Plaintiff-Appellant,**

v.

**Tommy MERCER and Wanda Jo Mercer, Defendants-Appellees.**

**No. 83–1517.**

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1984.

---

Pierson & Galyen, Inc., Grey Pierson, Arlington, Tex., for plaintiff-appellant.

T. Timothy Ryan, Jr., James B. Petrick, Sol. of Labor, U.S. Dept. of Labor, Plan Benefits Sec. Div., Washington, D.C., for defendants-appellees.

Before BROWN, TATE, and HIGGIN-BOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The issue in this cross appeal concerns the fiduciary status of one of the defendants in an action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (1982). The district court held that defendant Wanda Jo Mercer is not an ERISA fiduciary of the employee benefit plan in question. We reverse, finding that, under the circumstances of this case, Wanda Jo Mercer is a fiduciary as a matter of law, as that term is defined in ERISA.

*Background and Statement of the Case*

This case was filed in November, 1979 by the Secretary of Labor (Secretary) pursuant to his authority under ERISA. The complaint alleged that defendants Tommy and Wanda Jo Mercer (the Mercers) breached their duties as fiduciaries and trustees of the T.E. Mercer Employees Retirement Plan (the Plan) in connection with a number of loans and extensions of credit made by

the Plan to companies owned and operated by Tommy Mercer. The court below held that Tommy Mercer failed to act in the best interests of the Plan and ordered him to repay the Plan for imprudent loans made from Plan funds. The court also found that defendant Wanda Jo Mercer was not a Plan fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21); and hence was not liable to the Plan for any improper loans. On cross-appeal[1], the Secretary contends that the district court erred in finding that Wanda Jo was not a fiduciary under ERISA.

The evidence presented to the trial court on the issue of Wanda Jo's status can be divided into two main categories: (1) documents listing Wanda Jo as a trustee or plan administrator, some of them signed by her in that capacity; and (2) testimony by the defendants that Wanda Jo was never in fact appointed a trustee, and that the documents so listing her resulted from a clerical error.

Much of the controversy seems to have stemmed from a letter written by the company's secretary, Margaret Breen, to Neville and Company (Neville) a group of consultants hired by the company to set up and manage the plan. In August of 1972, Ms. Breen wrote to Neville that Wanda Jo would replace a Plan trustee who had recently died. Subsequent to that letter, numerous documents were prepared by Neville identifying Wanda Jo as a trustee.[2]

At trial, defendant Tommy Mercer testified that the Board of Directors never appointed Wanda Jo as trustee,[3] and that the letter to Neville resulted from a miscommunication with Ms. Breen. (R. Vol. II at 41–43). Ms. Breen testified that, while she did not recall any conversation with Tommy Mercer regarding Wanda Jo's appointment as trustee, she would not have written the letter to Neville without first receiving Tommy Mercer's authorization. (R. Vol. I at 132).

Additional testimony focused on the warranty deed and seller's statement for a parcel of land held by the Plan. In August of 1979, Wanda Jo signed the deed and statement in order to transfer the property, the signature line identifying her as a Plan trustee. At trial, the Mercers stated that Wanda Jo signed the deed only on advice of the Mercers' attorney, because Tommy Mercer was out of town, and the signa-

---

1. The Mercers' notice of appeal did not challenge the trial court's substantive findings concerning the breaches of ERISA committed by Tommy Mercer. Rather, they contended that the Secretary had no basis to initiate the action, on the grounds that: (1) the Plan had terminated prior to January 1, 1975, the effective date of ERISA; and (2) the Secretary's claims were barred by the statute of limitations contained in ERISA. Prior to argument of the appeal, however, defendants by their own motion dismissed their appeal leaving only the Secretary's cross appeal for disposition.

2. Among those documents listing Wanda Jo as an administrator or trustee of the Plan are the following:
   1. Plan Description Form EBS–1 filed with the Department of Labor.
   2. Annual Return/Report of Employee Benefit Plan Form 5500, filed with the United States Department of Labor.
   3. Annual Statement of the Retirement Program for 1975.
   4. Notice to employees of an application to the Internal Revenue Service for qualification of the Plan.
   5. Minutes of the Board of Directors of T.E. Mercer Trucking Co., containing a resolution to amend the Plan to conform with the Pension Reform Act of 1974.
   6. Form 5300, Application for Determination for Defined Benefit Plan, filed with the United States Department of Labor.
   7. Form 5301, Application for Determination for Defined Contribution Plan, filed with the United States Department of Labor.
   Additionally, Wanda Jo signed the following document as a Plan trustee:
   1. T.E. Mercer Employees Profit Sharing Plan, as amended, June 9, 1977.
   2. Annual Premium Payment Declarations filed with the Pension Benefit Guarantee Corporation for years 1974 to 1977.
   3. Warranty deed conveying a parcel of land held by the Plan.
   4. Seller's Statement from First Land Title Company regarding sale of land held by the Plan.

3. While a Board of Directors resolution to amend the Plan listed Wanda Jo as a trustee, this resolution was apparently never recorded in the company minute book.

tures were necessary to complete a sale of the land. (R. Vol. II at 20; *id.* at 94).

On the basis of this evidence, the trial court found that Wanda Jo was not a fiduciary of the plan. The court first observed that whether or not Wanda Jo was given the title of trustee was not dispositive. It then stated that Wanda Jo never exercised the managerial and administrative powers of a trustee, and that she had no discretionary authority over management of the Plan. The court also determined that in signing the warranty deed disposing of land held by the Plan, Wanda Jo had merely acted as an "agent" for her husband, and that the signing of the deed did not constitute an exercise of fiduciary authority.

### Standard of Review

■ As an initial matter, we recognize that the district court's factual conclusions are not to be set aside unless they are clearly erroneous. F.R.Civ.P. 52(a). Nor may we set aside fact findings as clearly erroneous merely because we might give the evidence a different construction. *Dickens v. United States,* 545 F.2d 886 (5th Cir.1977). We have no quarrel with the factual findings, as such, of the district court. Thus, the remaining question on appeal is whether the legal conclusion drawn from the facts is correct. *Kohle v. Eastman Kodak Company,* 616 F.2d 1315 (5th Cir.1980), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980). In the circumstances of this case, we think it is not.

### If it Talks Like a Duck ...

■ Under the Act, "fiduciary" is defined as follows:

Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan....

29 U.S.C. 1002(21)(A). It is clear that Congress intended the definition of "fiduciary" under ERISA to be broadly construed. As was pointed out in the legislative history, "the definition includes persons who have authority and responsibility with respect to the matter in question, regardless of their formal title." House Conference Rep. No. 93–1280, 93d Congress, 1974 U.S.Code Cong. and Ad.News 4639, 5038, 5103. Thus, "fiduciary" should be defined not only by reference to particular titles, such as "trustee", but also by considering the authority which a particular person has or exercises over an employee benefit plan. *See e.g., Brink v. DaLesio,* 496 F.Supp. 1350, 1374–75 (D.Md.1980), *rev'd in part on other grounds,* 667 F.2d 420 (4th Cir. 1982).

■ We believe that Wanda Jo exercised discretionary authority respecting the management of the plan and disposition of its assets. She repeatedly signed documents which identified her as a trustee or administrator of the plan.[4] Specifically, the 1979 transfer of land held by the Plan is a clear exercise of discretionary authority in the disposition of Plan assets. We

---

**4.** Wanda Jo's argument that she did not intend to sign these papers as a trustee, but rather that she merely signed what she was told to sign by others, (R. Vol. II at 93–94) is unavailing. First, a person's state of mind does not determine his or her fiduciary status under ERISA. *See, e.g., Freund v. Marshall & Ilsley Bank,* 485 F.Supp. 629 (W.D.Wis.1979). Further, this argument ignores the long standing and generally accepted principle of contract law that, absent fraud or mental incompetence, a person who intentionally signs a document is bound by its contents, whether or not he in fact read the document. *See, e.g., Hicks v. Ocean Drilling & Co.,* 512 F.2d 817 (5th Cir.1975); *Southern National Bank v. T.R.I. Financial Corp.,* 317 F.Supp. 1173, 1180–81 (S.D.Tex.1970). *aff'd in part,* 458 F.2d 688 (5th Cir.1972).

thus disagree with the district court's conclusion that in making this transfer, Wanda Jo acted only as an agent for her husband. No evidence in the record supports such a conclusion.[5] Rather, it is apparent that, in signing documents in transferring Plan assets, Wanda Jo performed fiduciary duties as defined in 29 U.S.C. § 1002(21).

### ... and Walks Like a Duck ...

The district court concluded that whether or not Wanda Jo was given the title "trustee" is not dispositive in determining fiduciary status under ERISA. We agree with this statement, insofar as it indicates that a formal appointment as a trustee is not a prerequisite to fiduciary liability under the Act. *See, e.g.,* House Conf. Report, *supra,* at 5103. However, while the designation of a person as a trustee or plan administrator is not dispositive, it is certainly not irrelevant. One of the important objectives of ERISA is to provide for disclosure to plan participants and beneficiaries of information about the plan, especially the identities of those with fiduciary responsibility for the operation of the plan. *See,* ERISA § 2(a) and (b), 29 U.S.C. § 1001(a) and (b). The courts and commentators agree that certain positions, such as trustee or plan administrator, inherently require fiduciary responsibilities. *See, e.g., Robbins v. First American Bank of Virginia,* 514 F.Supp. 1183, 1189 (N.D. Ill.1981); Little & Traikill, Fiduciaries Under ERISA; a Narrow Path to Tread, 30 Vand.L.Rev. 1, 6 (1977). Likewise, the Department of Labor has indicated that some offices of an employee benefit plan, such as trustee or plan administrator, by their very nature require those who hold them to perform fiduciary functions as described in the Act. 29 C.F.R. § 2509.75–8 at D–3 (1982).

In the present case, Wanda Jo Mercer was clearly represented as being a trustee of the Plan. A number of documents prepared over a five-year period identified Wanda Jo as a Plan trustee. Additionally, instead of having any alleged errors in these documents corrected, Wanda Jo repeatedly took actions in an official capacity as trustee. Under these facts, it would be untenable to conclude other than that Wanda Jo was a trustee with fiduciary duties to the Plan.

### ... It is a Duck

We thus hold that a person who is repeatedly referred to as a trustee of an employee benefit plan, and who signs documents and takes actions regarding the Plan in an official capacity, is, as a matter of law, a fiduciary of the Plan under ERISA, with all appurtenant duties and responsibilities. This holding is in keeping with the congressional intent that those with fiduciary duties be clearly identified, and that the term "fiduciary" not be strictly construed.

As the court below held that Wanda Jo Mercer was not a fiduciary under ERISA, it made no findings regarding any liability she might have under the Act. The standards regarding fiduciary conduct are set forth in Part 4 of the Title I of ERISA, 29 U.S.C. §§ 1101–1114. Under the Act, Wanda Jo may be liable for actions taken in her own right, as well as for breaches of duty committed by her co-fiduciary, Tommy Mercer. 29 U.S.C. § 1105 (1982). We therefore remand this action for determination of Wanda Jo Mercer's liability as a fiduciary under ERISA.

REVERSED AND REMANDED.

---

5. Nor, for that matter, does agency law. As a general rule, neither spouse is regarded as the general agent for the other. 3 Tex.Jur.3d Agency § 10 (1980); *Wilkinson v. Stevison,* 514 S.W.2d 895 (Tex.1974); Restatement (Second) of Agency § 22 (1957). Moreover, where a freehold estate is conveyed by an agent, the agent's authority must be in writing. Tex.Prop.Code Ann. § 5.021 (Vernon 1984).