952 F.2d 34
 60 USLW 2427, 14 Employee Benefits Cas. 2067
 Ricky CONFER and Holly Confer, and Erie Indemnity Company, Appellants,
v.
CUSTOM ENGINEERING COMPANY, Theodore E. Flower and Peter
Traphagen; Custom Engineering Co. Employee Benefit Plan,
a/k/a Custom Engineering Co. Employee Health Benefit
Program, Custom Engineering Company, Trustee
v.
SELF-FUNDED PLANS, INC., and Manufacturers Life Insurance
Company, Third-Party Defendant.
 No. 91-3259.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 10, 1991.
Decided Dec. 19, 1991.
 
 James D. McDonald, Jr. (argued), Daniel J. Pastore, James J. Stuczynski, Bernard Stuczynski & Bonanti, Erie, Pa., for appellants.
 John M. Quinn, Jr. (argued), Kenneth W. Wargo, Quinn, Gent, Buseck and Leemhuis, Inc., Erie, Pa., for appellees.
 Timothy J. Galanaugh (argued), Murphy and O'Connor, Haddonfield, N.J., for third-party defendant.
 Before: MANSMANN, NYGAARD and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 In this ERISA action, we are asked to decide whether corporate officers of a plan administrator, as individuals, are fiduciaries under section 3(21)(A) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002(21)(A). We must also decide whether a "plan supervisor," who denies a claim on the basis of a written plan document, is a fiduciary under section 3(21)(A). We hold that individual officers of an ERISA plan's fiduciary are not fiduciaries by virtue of their offices, and that a plan supervisor who merely calculates claims according to a plan document is not a fiduciary. We will affirm the district court's grant of summary judgment in favor of these parties. Confer v. Custom Eng'g Co. Employee Health Benefit Plan, 760 F.Supp. 75 (W.D.Pa.1991).
 
 I.
 
 2
 Plaintiff Ricky Confer worked for Custom Engineering Company. Defendants Theodore Flower and Peter Traphagen own 94 per cent of Custom Engineering. Flower is president and Traphagen, vice president.
 
 
 3
 Custom Engineering provided Confer with medical benefits through the Custom Engineering Company Employee Health Benefit Plan. The Plan designated Custom Engineering as administrator and named fiduciary. The Plan also provided that Custom Engineering could delegate day-to-day administrative tasks to a "Plan Supervisor." The Plan Supervisor was Self-Funded Plans, Inc., whose responsibilities included drafting a new plan, handling claims, and arranging for excess insurance.
 
 
 4
 On June 1, 1985, Confer was injured in a motorcycle accident. After Confer's accident, Custom Engineering--through its officers--had Self-Funded prepare an amendment excluding motorcycle accidents from coverage. Sometime after Confer's accident and before July 31, 1985, Custom Engineering's president signed the amendment, backdating its effective date to April 10, 1985. In September of 1985, Self-Funded denied Confer's claim based on the backdated amendment; at that time, an officer of Self-Funded knew that the amendment had not been in effect when Confer's accident occurred on June 1, 1985.
 
 
 5
 Confer brought this action against the Plan to recover benefits, and against Custom Engineering, Flower, Traphagen and Self-Funded for breach of fiduciary duty. The district court held that the Plan covered Confer's claim and that Custom Engineering--through the actions of its officers Flower and Traphagen--had breached its fiduciary duty by backdating the amendment. That holding was the subject of a separate appeal at 952 F.2d 41; we have affirmed the judgment of the district court in a separate Per Curiam Opinion.
 
 
 6
 Confer here appeals from the district court's determination, on summary judgment, that, as a matter of law, Flower, Traphagen and Self-Funded were not fiduciaries.[1] Our review of an order of summary judgment is plenary. Country Floors, Inc. v. Partnership of Gepner & Ford, 930 F.2d 1056, 1060 (3d Cir.1991); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We thus "apply the same test the district court should have utilized initially." Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413 (3d Cir.1991) (quoting Goodman ), cert. denied, --- U.S. ----, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991).
 
 II.
 
 7
 Section 3(21)(A) of ERISA defines a fiduciary.
 
 
 8
 [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.[2]
 
 
 9
 29 U.S.C. § 1002(21)(A) (footnote added).
 
 
 10
 In determining who is a fiduciary under ERISA, courts consider whether a party has exercised discretionary authority or control over a plan's management, assets, or administration. See, e.g., Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse, 879 F.2d 1146, 1148-51 (3d Cir.1989) (independent public accountants lack authority over fund assets and affairs and thus are not fiduciaries). If a person's authority or control does not concern "management", or "plan assets", that person is not a fiduciary under section 3(21)(A)(i). See Mack Boring & Parts v. Meeker Sharkey Moffitt, Actuarial Consultants, 930 F.2d 267, 270 (3d Cir.1991) (defendant who had discretionary control of funds would be fiduciary only if those funds were "plan assets"). Similarly, if a person's discretionary authority does not concern "administration" of a plan, that person is not a fiduciary under section 3(21)(A)(iii). Thus we have held that an employer's decision to amend an employee benefit plan is unconstrained by fiduciary duties imposed on plan administration. Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1162 (3d Cir.1990).
 
 
 11
 No court of appeals has addressed the question here before us: Whether officers who cause a corporate fiduciary to wrongfully deny claims are fiduciaries because, for purposes of section 3(21)(A)(iii), they have discretionary authority or responsibility "in the administration" of a plan.
 
 
 12
 We note that ERISA does not limit fiduciary status to individuals. A corporation may be a "person" for purposes of section 3(21)(A), which defines fiduciary. See 29 U.S.C. § 1002(9) (definition of "person" includes corporation). According to the Department of Labor, an employee benefit plan covering employees of a corporation may designate the corporation as the "named fiduciary" for purposes of section 402(a)(2), 29 U.S.C. § 1102(a)(2). The regulation states:
 
 
 13
 While such designation satisfies the requirement of enabling employees and other interested persons to ascertain the person or persons responsible for operating the plan, a plan instrument which designates the corporation as "named fiduciary" should provide for designation by the corporation of specified individuals or other persons to carry out specified fiduciary responsibilities under the plan....
 
 
 14
 29 C.F.R. § 2509.75-5 at FR-3 (emphasis added).
 
 
 15
 ERISA permits a plan to designate more than one fiduciary, 29 U.S.C. § 1102(a)(1), and ERISA permits a plan to provide for a procedure by which a named fiduciary can designate others as fiduciaries, 29 U.S.C. § 1105(c)(1)(B). Although either designation would lead to fiduciary status under section 3(21)(A), ERISA does not require a corporate fiduciary to make such a designation.
 
 
 16
 We must read these sections (402 and 405 of ERISA, 29 U.S.C. §§ 1102, 1105) (defining who may be fiduciaries) in pari materia with section 3(21)(A) (indicating to what "extent" designated persons are fiduciaries). Although section 3(21)(A) by itself may give rise to fiduciary status when a designated fiduciary is not chargeable with a particular discretionary role, section 3(21)(A) does not extend the fiduciary status of a corporation to its officers. Where no designation is made or implied, the corporation remains the fiduciary.[3]
 
 
 17
 A Department of Labor bulletin makes clear that officers of a corporation that sponsors an employee benefit plan are not fiduciaries solely by reason of holding office. 29 C.F.R. § 2509.75-8 at D-5 (1991). The bulletin further states that "persons who perform one or more of the functions described in section 3(21)(A) of the Act ... are fiduciaries." Id. at D-2. When a corporation is the "person" who performs the fiduciary functions, however, the officer who controls the corporate action is not also the person who performs the fiduciary function. Because a corporation always exercises discretionary authority, control, or responsibility through its employees, section 3(21)(A) must be read to impute to the corporation some decisions by its employees. Otherwise, the fictional "person" of a corporation could never be a fiduciary because a corporation could never meet the statute's requirement of "having discretion." We cannot read section 3(21)(A) in a way that abrogates a use of corporate structure clearly permitted by ERISA.
 
 
 18
 We thus hold that when an ERISA plan names a corporation as a fiduciary, the officers who exercise discretion on behalf of that corporation are not fiduciaries within the meaning of section 3(21)(A)(iii), unless it can be shown that these officers have individual discretionary roles as to plan administration. For example, if the plan designates an officer as plan administrator or if, pursuant to 29 U.S.C. § 1105(c)(1)(B), the corporation delegates some of its fiduciary responsibilities to an officer, then the designated individual would be a fiduciary under section 3(21)(A)(iii).[4]
 
 
 19
 The record does not contain any indication that Flower or Traphagen operated other than through Custom Engineering. The plan document names Custom Engineering as the fiduciary. The document gives Custom Engineering "principal responsibility for the management and administration of the Plan." It allows Custom to delegate to Self-Funded the "day-to-day administrative duties." It delegates "responsibility for holding and managing the assets of the Plan to one or more Trustees." Finally, it limits the liability of each fiduciary to the consequences of its own acts.
 
 
 20
 The Plan does not name Flower or Traphagen as a fiduciary or as a Trustee nor is there any indication that Custom Engineering delegated its fiduciary responsibility to Flower or Traphagen. Indeed, Confer does not point to any plan provision that would allow Custom Engineering to have done so. In sum, the plan document shows that Custom Engineering exercised the "discretionary authority" or the discretionary responsibility that would give rise to fiduciary status under section 3(21)(A)(iii). ERISA does not automatically extend that fiduciary status to the officers through whom Custom Engineering acted.
 
 
 21
 Although Flower backdated the amendment and Traphagen may have participated in the decision to do so, neither acted in an individual capacity. Flower and Traphagen exercised discretion and control over the Plan's administration, but only as officers of Custom Engineering. Their actions resulted in a breach by the corporation of its duty to administer the plan solely in the interest of beneficiaries. Flower and Traphagen certainly owed, and may have breached, a duty to Custom Engineering. See Pa.Stat.Ann. tit. 15, § 1408 (1967) (repealed 1986) (officers are fiduciaries); see also 15 Pa. Cons. Stat.Ann. § 512(c) (1991) (officers owe duty of good faith to corporation). Confer, however, has failed to demonstrate that either officer, as an individual, had discretionary authority or responsibility which gave rise to a fiduciary duty that either or both owed directly to Confer.
 
 
 22
 We do not rely on Flower's and Traphagen's argument that Confer lacks standing, as an individual, to sue them for a breach of fiduciary duty to the Plan. This argument has been waived because it was not presented to the district court. Rather, we ground our decision on Confer's inability to show that either Flower or Traphagen was a fiduciary within the meaning of section 3(21)(A)(iii). We will therefore affirm the district court's holding that Flower and Traphagen are not individually liable as fiduciaries to Confer.[5]
 
 III.
 
 23
 We turn to Confer's appeal of the district court's grant of summary judgment to Self Funded Plans, Inc.
 
 
 24
 Since discretionary authority, responsibility or control is a prerequisite to fiduciary status, it follows that persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles. See Dep't of Labor Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8 (1991). Self-Funded had no discretion to deny or allow Confer's claim. Self-Funded had an obligation to follow the written plan instrument and to follow instructions of the administrator. Even if an officer of Self-Funded knew something was awry, Self-Funded had no power to correct it. Confer's assertion that Self-Funded could have allowed and paid his claim has no basis in the plan document, in Self-Funded's contract with Custom Engineering, or anywhere else in the record.
 
 
 25
 Because Confer has not demonstrated that Self-Funded exercised any discretionary authority or responsibility in the administration of the plan, we will affirm the district court's grant of summary judgment in favor of Self-Funded.
 
 IV.
 
 26
 For the foregoing reasons we will affirm the district court's grant of summary judgment to defendants Flower, Traphagen and Self-Funded on the grounds that they do not owe Confer a fiduciary duty.
 
 
 27
 SEITZ, Circuit Judge (concurring).
 
 
 28
 I join the court's affirmance of the District Court's Order granting summary judgment to the defendant, Self-Funded Plans, Inc. because I agree that this defendant did not have discretion to deny or allow Confer's claim for ERISA benefits. Therefore, Self-Funded was not a "fiduciary" as that term is defined in section 3(21)(a)(iii) of the Employment Retirement and Income Security Act (ERISA), 29 U.S.C. § 1002(21)(A).
 
 
 29
 The majority also affirms the District Court's dismissal of plaintiffs' claims against the officers of the Custom Engineering Company ("Custom"), Theodore Flower and Peter Traphagen. Their opinion concludes that these corporate officers were not "fiduciaries" as that term is defined in ERISA § 3(21)(A).
 
 
 30
 I write separately to emphasize that a corporate officer may assume a fiduciary status, even absent a designation as the named fiduciary or trustee of the plan, by performing functions that fulfill the statutory definition of a "fiduciary." See ERISA § 3(21)(A)(iii), 29 U.S.C. 1002(3)(21)(iii).
 
 
 31
 The statute provides that,
 
 
 32
 "[A] person is a fiduciary with respect to a plan to the extent ... (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."
 
 
 33
 When the corporation itself is the trustee of the plan, and an officer of the corporation denies an ERISA benefit without acting as a designated plan administrator, while acting on behalf of the employer, the statute does not clearly define the officer's status. Indeed, after the passage of the statute in 1974, "[o]ne question that [was] not resolved by ERISA is whether officers or directors of a corporation that is itself a fiduciary can be classified as fiduciaries on an individual basis." Thrailkill, Fiduciaries Under ERISA: A Narrow Path to Tread, 30 Vand.L.Rev. 1, 7 (1977).
 
 
 34
 The case law and agency regulations interpreting ERISA have clarified this ambiguity. Congress intended the term "fiduciary" to be construed to include "persons who have authority and responsibility with respect to the matter in question, regardless of their formal title." Blatt v. Marshall and Lassman, 812 F.2d 810, 812 (2d Cir.1987), citing H.R.Rep. No. 1280, 93d Cong., 2d Sess., reprinted in U.S.Code Cong. & Ad.News 1974, 4639, 5038, 5103. The Department of Labor regulations reflect the functional approach that Congress took to defining who is a fiduciary under ERISA. According to an interpretive bulletin issued by the Department of Labor, corporate officers assume a fiduciary status if they "exercise authority, responsibility or control as described in section 1002(3)(21) of the Act." ERISA Interpretive Bulletin 75-8 at D-3, 29 C.F.R. § 2509.75-8 at D-3 (1991).
 
 
 35
 Under both the legislative history and agency interpretation of ERISA § 3(21)(A), it is clear that a corporate officer who is not designated as a named fiduciary under the plan may nevertheless assume a fiduciary status by performing, for example, the function of plan administrator. Id. (officers, directors or employees who act as plan administrator "must, by the very nature of the position" be considered section 3(21)(A)(iii) fiduciaries).
 
 
 36
 Moreover, corporate officers can become fiduciaries under ERISA whether or not they are designated as trustees of the ERISA plan. Donovan v. Mercer, 747 F.2d 304, 309 (5th Cir.1984) ("while the designation of a person as a trustee is not dispositive, it is certainly not irrelevant"). Accord Pension Benefit Guarantee Corporation v. Solmsen, 671 F.Supp. 938, 944 (E.D.N.Y.1987). An officer can assume a fiduciary status even if the plan documents fail to state that the corporate officer is a named fiduciary. The Department of Labor regulations provide that the officer will be deemed a "fiduciary" according to the function he performs. See Preamble to ERISA Regs. § 2560.503-1 (Claims Procedure) (officer who reviews appeal of denied claim will be assumed to perform fiduciary role even in the absence of specific designation as such.)
 
 
 37
 A plaintiff may establish that a corporate officer has assumed a fiduciary status by specifically alleging what functions enumerated in the statute were performed by that officer to make him a fiduciary. Blatt, supra. In Dardaganis v. Grace Capital, Inc., 889 F.2d 1237, 1242-43 (2d Cir.1989), for example, the president and chief executive officer of the corporation was deemed to be a fiduciary, and thus personally liable for breaches of fiduciary duty, only after it was shown that he personally exercised control and/or discretion over ERISA plan assets. See also, Brink v. DaLesio, 496 F.Supp. 1350, 1374 (D.MD.1980), rev'd in part, aff'd in relevant part, 667 F.2d 420 (4th Cir.1981) (insurance broker was fiduciary for purposes of ERISA based on his "sole responsibility" for rendering investment advice) and Miller v. Lay Trucking Co., Inc., 606 F.Supp. 1326 (N.D.Ind.1985) (holding that one who is named in documents as plan administrator, signs documents as plan administrator, and assumes discretionary authority in the administration of the pension plan is a fiduciary).
 
 
 38
 The officers argue that they are not fiduciaries within the meaning of the Act, and, as such, they were not bound by the fiduciary standards of ERISA § 404, 29 U.S.C. 1104, in recommending, designing and implementing an amendment to the Custom welfare plan. The majority opinion adopts their argument and holds that "section 3(21)(A) does not extend fiduciary status of a corporation to its officers ... [w]here no designation [of the officer as a fiduciary or trustee of the plan] is made or implied...." Op. at 36 (Mansmann, J.) (emphasis added.)
 
 
 39
 I join the result reached by the majority but do so solely because the plaintiffs' complaint and answer to defendants' motion for summary judgment contain absolutely no allegations or facts that would support a finding that these officers assumed a fiduciary status. Indeed, the plaintiffs' allegations "fail to distinguish between defendants' duties as corporate officers and those as Plan trustees." Amato v. Western Union International, Inc., 773 F.2d 1402, 1417 (2d Cir.1985), cert. dismissed, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986). Finally, the fact that Custom admittedly delegated the authority over plan administration to Self-Funded Plans, Inc. contradicts plaintiffs' mere assertion that these officers performed fiduciary roles.
 
 
 40
 Since Congress took a functional approach in defining who is a fiduciary, the function that the officer is alleged to have performed in becoming an alleged fiduciary must be carefully scrutinized. By failing to allege facts or make specific allegations showing the actual fiduciary authority that these officers possessed or exercised, Landry v. Airline Pilots Ass'n International AFL-CIO, 901 F.2d 404, 418 (5th Cir.), cert. denied --- U.S. ----, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990), the plaintiffs have failed to carry their burden of coming forward with specific facts to indicate that these officers assumed the status of ERISA fiduciaries. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). See 29 C.F.R. § 2509.75-8 at D-2. Accordingly, I agree that the district court did not err in holding that Flower and Traphagen cannot be held personally liable as fiduciaries under ERISA § 3(21)(iii).
 
 
 
 [1]
 At oral argument, Confer's counsel clarified that he was not seeking additional damages separate from those owed by the Plan. Confer is instead seeking additional security should Custom Engineering be unable to pay the judgment it owes to him
 
 
 [2]
 29 U.S.C. § 1105(c)(1)(B) provides: "[The plan document] may expressly provide for procedures ... for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities...."
 
 
 [3]
 We agree with Judge Seitz that officers of a corporation "may assume a fiduciary status, even absent a designation as the named fiduciary or trustee of the plan, by performing functions that fulfill the statutory definition of a fiduciary." Concurring Opinion Draft at 1. We thus do not imply that the only way to become an ERISA fiduciary is pursuant to a plan procedure. Our decision is limited to the narrower issue of whether it is a corporate administrator or its controlling officers who "exercises" discretion for purposes of § 3(21)(A)(iii)
 
 
 [4]
 Our holding is consistent with cases like Dardaganis v. Grace Capital, Inc., 889 F.2d 1237 (2d Cir.1989), and Donovan v. Mercer, 747 F.2d 304 (5th Cir.1984). In both cases the defendants were clearly identified as fiduciaries in various documents. See Dardaganis, 889 F.2d at 1239 (agreement with corporate fiduciary provided the fiduciary's president and CEO "would 'personally supervise and manage the account' "); Donovan, 747 F.2d at 308, 309 (defendant, who repeatedly signed documents identifying her as trustee and who was identified as trustee in a number of documents prepared over a five-year period, was a fiduciary)
 Confer erroneously relies on Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir.1987) ("Congress intended the term [fiduciary] to be broadly construed."), and McLaughlin v. Connecticut Gen. Life Ins. Co., 565 F.Supp. 434, 441 (N.D.Cal.1983) (An insurance company who has the authority to grant or deny claims "has discretionary authority in the administration of the plan and is a fiduciary."). Neither Blatt nor McLaughlin supports Confer's position.
 Blatt concerned partners who, for 18 months, refused to provide a "Notice of Change" form to a plan administrator. The form was necessary for the release of their employee's pension benefits. The employee sued and the court concluded that the partners acted as fiduciaries in the case because "they exercised actual control over the disposition of plan assets." Blatt, 812 F.2d at 813. The court's conclusion was unnecessarily broad.
 The partners in Blatt had a precisely defined duty to provide the administrator with a form. Only they could provide it. They had no discretion in the matter. If the employee quit, the form was to be provided. The partners in Blatt were not clearly fiduciaries; the employee need not have alleged breach of fiduciary duty, but could have gained relief simply by suing to recover benefits. If they were fiduciaries, it was only with respect to providing the form. Moreover, the issue here involves whether an officer who controls a corporate fiduciary's actions is also the person who exercises authority. That issue was not addressed in Blatt.
 McLaughlin involved a suit against an insurance company that made final decisions regarding claims. The court held the insurance company to a fiduciary standard, but the court did not address the individual liability of the insurance company's officers or employees. See McLaughlin, 565 F.Supp. 434. Thus, neither Blatt nor McLaughlin supports a theory that officers of corporate fiduciaries are individually liable when they direct corporate decisions.
 Although we here reiterate our agreement with Judge Seitz that formal appointment is not a prerequisite to fiduciary status under ERISA, see Donovan, 747 F.2d at 309, we stress that the definition of fiduciary allows use of the corporate form and does not limit fiduciary status to individuals. See 29 U.S.C. § 1002(21)(A) (using "person", not "individual"). Misuse of that form may, of course, lead to a finding of individual fiduciary liability or to piercing the corporate veil, see Lowen v. Tower Asset Management, Inc., 829 F.2d 1209, 1220-21 (2d Cir.1987) (piercing the corporate veil and holding corporate fiduciary's, officers and affiliates liable without finding of fiduciary status).
 
 
 [5]
 The district court indicated that Flower and Traphagen were not liable because the decision to amend the plan was a business decision. We understand that to mean that in making the decision to backdate the amendment, Flower and Traphagen had a duty to Custom Engineering to make a sound business decision, but they did not have a duty to Confer. Because Custom Engineering did have a duty to Confer, the same decision--to backdate--was a breach of the duty to administer the Plan for his benefit. This case is thus distinct from Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155 (3d Cir.1990), in which we held that a decision to amend a plan was a "business decision" not constrained by fiduciary duties imposed on plan administration
 Hozier concerned a type of decision not subject to fiduciary considerations. Confer's appeal concerns the liability of officers for a corporate decision that is subject to fiduciary concerns--a decision to deny benefits wrongfully. In Hozier, we did not consider the individual officer's liability. Indeed, in Hozier, the company's liability was in issue, the officer's was not. Id. at 1158 (plaintiff's complaint filed against Midwest, the company).