ROBCO OF AMERICA, INC., Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA and Diversified Group Administrators, Inc., Defendants.

DIVERSIFIED GROUP ADMINISTRA- TORS, INC., Third-party Plaintiff,

v.

PENNSYLVANIA HEALTH CHOICE PLAN, n/t/a Advantage Health, Third-party Defendant.

Civ. A. No. 93–1947.

United States District Court, W.D. Pennsylvania.

March 9, 1994.

Jeffrey P. Ward, Thomas J. Farrell, Cohen & Grigsby, Pittsburgh, PA, for plaintiff.

Keith E. Johnston, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for Insurance Co. of North America.

Carl H. Hellerstedt, Jr., Timothy McClelland Volk, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Pittsburgh, PA, for Diversified Group.

Timothy J. Burdette, Anstandig, Levicoff & McDyer, Pittsburgh, PA, for Pennsylvania Health Choice Plan.

### MEMORANDUM ORDER

COHILL, District Judge.

Before this Court is (1) plaintiff Robco of America, Inc.'s (Robco) Motion to Remand (Doc. 6), and (2) third-party defendant Pennsylvania Health Choice Plan's (PHCP) Motion to Dismiss Third Party Complaint (Doc. 10). For the reasons below, we will grant Robco's motion to remand, and we will dismiss PHCP's motion to dismiss for lack of subject matter jurisdiction.

### I. Background

On January 22, 1993, Robco commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania. Robco is a Pennsylvania corporation that maintained a self-funded health and welfare benefit plan (the "Plan") for its employees. Complaint ¶ 5. Under the Plan, Robco contracted to reimburse employees and their dependents for covered medical expenses. *Id.* ¶ 6. Defendant Insurance Company of North America (INA) provided an excess-loss insurance policy to Robco in which INA agreed to reimburse Robco for Robco's losses under the plan in excess of a specified amount. *Id.* ¶¶ 7, 9–11. Defendant Diversified Group Administrators, Inc. (Diversified) contracted with Robco to administer the Plan under an Administrative Services Agreement (the "Agreement"). *Id.* ¶ 8.

An employee of Robco, Mr. Larry Williams, submitted a claim for medical benefits relating to the hospitalization of his dependent children, who were covered under the Plan (the "Williams' claim"). *Id.* ¶ 12. Diversified had precertified coverage for the hospitalization. *Id.* ¶ 13. The Williams' claim exceeded Robco's liability limit, and Robco sought excess-loss coverage from INA, which INA did not provide. *Id.* ¶¶ 14, 15.

As a result, Robco filed a state-court complaint comprising three counts. Count one alleges INA breached the excess-loss insurance contract by failing to reimburse Robco for excess loss in paying the Williams' claim. *Id.* ¶ 16. Count two alleges INA violated 42 Pa.C.S.A. § 8371 by its bad faith refusal to honor the excess-loss contract. Complaint ¶ 22. Count three alleges Diversified breached the Agreement by improperly precertifying the Williams' claim. *Id.* ¶ 25.

On November 22, 1993, INA removed this case from the Court of Common Pleas to this

Court pursuant to 28 U.S.C. § 1441(b). In its removal notice, INA asserted that co-defendant Diversified consented to the removal, Notice of Removal ¶ 2; Diversified later filed notice that it did not, in fact, consent. According to INA, removal is proper because Robco's complaint "relates to a welfare plan under the terms and conditions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq." Notice of Removal ¶ 3. Following removal, Robco filed a motion to remand, to which INA is opposed, and Diversified filed notice that it would not respond to the motion to remand.

## II. *Diversified's Lack of Consent to Removal*

■ The removal statute requires that a "defendant or defendants desiring to remove any civil action" shall file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure...." 28 U.S.C. § 1446(a). INA indicated in its Notice of Removal filed November 23, 1993 that Diversified had consented to removal. Notice of Removal ¶ 2. But Diversified later filed a "Notice of Lack of Consent for Removal" on December 21, 1993.

The removal statute has been interpreted to mean, as Robco correctly points out, that multi-defendant removal is only proper, absent exceptions not relevant here, if all defendants consent to the removal. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985); *Collins v. American Red Cross*, 724 F.Supp. 353, 359–60 (E.D.Pa.1989); 1A James W. Moore, *Moore's Federal Practice* ¶ 0.168 (2d ed. 1987). If removal was improper, then this Court lacks subject matter jurisdiction and must dismiss the case pursuant to 28 U.S.C. § 1447(c). We find that Diversified's lack of consent to INA's removal renders the notice of removal deficient *ab initio*, and we there-

fore must grant the motion to remand for lack of subject matter jurisdiction.[1]

■ In limited situations, we may permit a notice of removal to be amended to cure a jurisdictional defect. 28 U.S.C. § 1653; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir.1988). But cure is not appropriate in this case: Diversified has specifically declined to consent to INA's removal. And as explained in some detail below, we would have remanded to the state court even if removal had been proper because we find neither complete preemption nor a well-pleaded ERISA-cognizable claim.[2]

## III. *The Well-pleaded Complaint Rule and Complete Preemption*

In addition to its no-consent argument in support of remand, Robco asserts two other arguments. First, it argues that the action is not removable because its well-pleaded complaint does not raise a federal question. Second, it urges that its claims are not preempted by ERISA.

■ Where removal is properly effected, we have subject matter jurisdiction pursuant to 28 U.S.C. § 1441, which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under" federal law is removable by a defendant or defendants to the district court. *Id.* § 1441(b). Thus removal is proper where the state-court action was one which could have originally been brought in a federal district court. (In diversity cases, citizen-defendants of course cannot remove. 28 U.S.C. § 1441(b).) Thus, removal is proper if Robco's well-pleaded complaint either (1) raises a federal question, or (2) asserts claims that are completely preempted by Congress.

■ As is well-known, application of the well-pleaded complaint rule determines whether a complaint asserts a federal cause

---

1. Robco did not raise the consent issue until its brief in reply to INA's response to its removal notice. Waiver of the unanimous-consent-rule is not well-defined in the removal context, and we will not discuss this unbriefed issue here except to suggest that Robco's initial motion to remand, which did not raise the jurisdictional defect, probably does not give rise to waiver.

2. We note that if Robco's claims mandated exclusive federal jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), we would have faced the curious task of remanding an exclusively federal case to a state court. We think that the removal statute's requirement that all defendants must consent to removal might yield to logic in such a case.

of action. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Allstate Ins. Co. v. 65 Security Plan,* 879 F.2d 90, 93 (3d Cir.1989). Only complaints that facially present a federal question are removable under the well-pleaded complaint rule, and a complaint facially presents a federal question only if it "affirmatively rel[ies] on federal law." *Allstate,* 879 F.2d at 93.

■ Robco contends that its claims do not rely on federal law because they are brought pursuant to Pennsylvania laws of common-law contract and statutory insurer bad faith under 42 Pa.C.S.A. § 8371, and therefore its well-pleaded complaint raises no federal question. INA counters that Robco's complaint "relates to" an employee benefit plan and therefore raises federal-question jurisdiction pursuant to 28 U.S.C. § 1331. We summarily reject INA's argument because it merely raises preemption as a federal defense, which cannot be the basis for removal. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Allstate,* 879 F.2d at 93.

■ A corollary to the well-pleaded complaint rule is the "complete preemption doctrine." *Allstate,* 879 F.2d at 93. Under this doctrine, "Congress may so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan,* 481 U.S. at 63–64, 107 S.Ct. at 1546. In the United States Court of Appeals for the Third Circuit, complete preemption only may be found

when two circumstances are present: [1] when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and [2] when there is affirmative evidence of congressional intent to permit removal despite the plaintiff's exclusive reliance on state law.

*Allstate,* 879 F.2d at 93 (citation omitted).

■ INA argues that Robco's action is "completely preempted" by ERISA pursuant to 29 U.S.C. § 1144(a), which mandates that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan...." 29 U.S.C. § 1144(a) (emphasis added). The complaint relates to an employee benefit plan, according to INA, because the critical issue in the litigation is whether Diversified's precertifying the Williams' claim was proper. Robco counters that complete preemption is limited to actions within the scope of ERISA's civil enforcement provisions in 29 U.S.C. § 1132(a), and because its action is not cognizable under that section, preemption does not apply.

Thus the initial inquiry under the complete-preemption test is a comparison between Robco's interest and ERISA's enforcement provisions. Robco seeks to vindicate its interest in enforcing its allegedly breached contracts with INA for excess-loss reimbursement and Diversified for proper coverage certification. The only ERISA enforcement provision that INA asserts as relevant to this action is 29 U.S.C. § 1132(a)(2), which provides that a civil action may be brought by a fiduciary, such as Robco, "for appropriate relief under section 1109 of this title." *Id.*

Thus section 1132(a)(2) provides a federal cause of action only when relief is sought under § 1109. Section 1109 provides, in relevant part, that

(a) *Any person who is a fiduciary* with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach....

29 U.S.C. § 1109(a) (emphasis added). The plain meaning of this section is undisputed: § 1109 only applies to enforcement actions *against fiduciaries.* As a consequence, there can be no ERISA complete preemption unless at least one defendant, INA or Diversified, is a fiduciary.

While not claiming to be a fiduciary itself, INA asserts pursuant to 29 U.S.C. § 1002(21)(A) that Diversified is a fiduciary because it had discretionary authority and a significant role in administering the Plan. Specifically, INA contends, in its sparsely-

cited brief, that "Diversified's processing of claims, including the pre-certification at issue in this complaint, required an exercise of discretionary responsibility factually sufficient to impose a fiduciary status on Diversified." INA's Answer to Motion to Remand at 7. Robco argues that Diversified is not a fiduciary and that ERISA therefore does not preempt its complaint.

We agree with Robco that Diversified's role in administering the Plan did not give rise to the level of discretionary control requisite to render it a fiduciary under § 1109. *See, e.g., Confer v. Custom Engineering Co.,* 952 F.2d 34, 36 (3d Cir.1991); *Baker v. Big Star Division of the Grand Union Co.,* 893 F.2d 288, 289–90 (11th Cir.1989). In *Confer,* an employer delegated the "administrative tasks" regarding its benefits plan to the entity Self–Funded Plans, Inc. *Id.* at 35. Self–Funded's responsibilities included "drafting a new plan, handling claims, and arranging for excess insurance." *Id.* In addition, Self–Funded prepared an amendment to the employer's plan, and then denied coverage to the plaintiff based on that amendment. *Id.*

Despite Self–Funded's apparent entanglement in administering the plan, the court in *Confer* held that Self–Funded was not a fiduciary because "persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." *Id.* at 39. Diversified had no more (and perhaps less) discretion than Self–Funded in administering Robco's plan, and thus cannot be deemed a fiduciary. Indeed the Administrative Services Agreement itself restricted Diversified's discretion. *See, e.g.,* INA's Notice of Removal, Ex. C, Agreement ¶¶ 7, 9.

Because the first part of the two-part preemption test is unsatisfied, we need not discuss the second part, evidence of congressional intent, except to note that we were presented with no hint of congressional intent to preempt the claims at issue here.

IV. *Conclusion*

INA's removal was fatally defective because Diversified did not consent to it. We will therefore remand this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Had removal been proper, we would have likewise remanded because Robco's complaint presents neither a basis for complete preemption nor an ERISA-cognizable claim. And because we lack subject matter jurisdiction over Robco's complaint, we will dismiss the motion to dismiss filed by third-party defendant Pennsylvania Health Choice Plan.

AND NOW, to-wit, this 9th day of March 1994, it is hereby ORDERED, ADJUDGED, and DECREED for the foregoing reasons that plaintiff Robco's Motion to Remand (Doc. 6) be and hereby is GRANTED.

IT IS FURTHER ORDERED that third-party defendant Pennsylvania Health Choice Plan's Motion to Dismiss Third Party Complaint (Doc. 10) is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania, and the Clerk of the District Court is hereby directed to send a certified copy of this memorandum order to the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania.